THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00208-MR-WCM

| | |
|---|---|
| JASON P. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| ) | |
| CHRISTY LONARDO, GIVING HOPE ) | |
| RETREAT, and JONNY LONARDO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

**I.   STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").  A complaint is deemed

frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause

of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. BACKGROUND

Construing the allegations of the Complaint liberally, the Plaintiff appears to assert claims under 42 U.S.C. § 1983 against the Giving Hope Retreat Center, a nonprofit organization in New Orleans, Louisiana, and members of its staff. Specifically, the Plaintiff alleges that the Defendants "tried to kill [him] with NWO 6.66 Toretureware [sic] program and ran Monarch program on me." [Doc. 1 at 4]. The Plaintiff alleges that he sustained injuries to his health, as well as "brain damage." [Id. at 5]. He seeks $3,000,000 in damages. [Id.].

## III. DISCUSSION

The Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the named Defendants under 42 U.S.C. § 1983. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed

3

> "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) internal quotation marks and citations omitted). Here, the Plaintiff has not brought suit against a state actor; instead, he has attempted to sue a private non-profit organization where he apparently received services. The Plaintiff has made no allegation that the named Defendants have a sufficiently close relationship with state actors such that the Court could conclude that they are engaged in governmental action. Even if these Defendants could be considered state actors (which they are not), the Plaintiff does not identify any conduct by the Defendants which could possibly be construed as a deprivation of the Plaintiff's constitutional rights. For all these reasons, the Plaintiff has no basis to assert a § 1983 claim in this case against the Defendants.

Indeed, it does not appear that the Plaintiff could state any claim against the Defendants. The Plaintiff appears to allege that the Defendants used some sort of mind control weaponry in an attempt to kill him. These types of "fantastic or delusional" allegations are clearly baseless and are subject to dismissal as frivolous. Neitzke, 490 U.S. at 327, 328.

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that he is unable to make prepayment of the required fees and costs and therefore the Application should be allowed. The Court concludes, however, that the allegations set forth in the Plaintiff's Complaint are baseless and fail to state a cognizable claim upon which relief may be granted. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: August 10, 2020

Martin Reidinger
Chief United States District Judge